E-FILED
Friday, 10 March, 2006  10:42:15 AM
Clerk, U.S. District Court, ILCD

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS

```
AD BROKAW,                     )
                               )
        Plaintiff,             )
                               )
   v.                          )     Case No. 00-4052
                               )
JAMES BROKAW, ET AL,           )
                               )
        Defendants.            )
```

## **O R D E R**

Before the Court are Defendant Vicki Hansen's Motion to Dismiss Plaintiff's Amended Complaint [Doc. # 60], Defendant Bartelt's Motion to Dismiss [Doc. # 62], Defendant Judge Gende's Motion to Dismiss Amended Complaint [Doc. # 64], Defendant D. Jean Ortega-Piron's Motion to Dismiss Plaintiff's Amended Complaint [Doc. # 66], and Plaintiff's Request Pursuant to Federal Rules of Evidence § 201 for the Court to Take Judicial Notice of Evidence Below Supporting Plaintiff's Memorandum of Law in Opposition to Motion to Dismiss Filed by Defendants [Doc. # 72].

### **Background**

The following facts, alleged in Plaintiff's Amended Complaint will be accepted as true for the purposes of this motion. Late in the morning on July 6, 1983, Defendants James Brokaw (Plaintiff's paternal uncle who was also a Mercer County Deputy Sheriff), Weir Brokaw (Plaintiff's paternal grandfather), Karen Weaver (Plaintiff's paternal aunt), and Marvin Thirtyacre (Mercer County Sheriff) filed "false and malicious allegations of child abuse or neglect as to Plaintiff (3-years old at the time) and her brother

for the purpose of having Plaintiff and her brother removed from their parents, in the hopes of causing the parents to divorce." (Amended Complaint, Doc. # 4 at ¶¶ 16(a-b).)  At noon on the same day, Sheriff Thirtyacre phoned Defendant Department of Children and Family Services (DCFS) Caseworker Penny Ingersoll and relayed the abuse allegations "adding to those his own which were equally malicious, false, baseless, and scurrilous."  (Id. at ¶ 16(g).) That afternoon Sheriff Thirtyacre, Weir Brokaw, Karen Weaver, and Deputy James Brokaw met briefly with Ingersoll outside a courthouse in Aledo, Illinois, and a few minutes later, Defendant Judge Susan Gende joined them.  Judge Gende did not issue any order concerning the removal of Plaintiff from her home. (Id. at ¶ 16(j).) Nonetheless, that evening Plaintiff and her brother were removed from their parents home.  (Id. at ¶¶ 16(k-l).)  The following day, on July 7, Sheriff Thirtyacre filed a petition for the adjudication of wardship in state court.  (Id. at ¶ 16(m).)  A state court judge (Judge Berglund) ordered Plaintiff and her brother remain in foster care, where they had been placed after their removal the prior day. (Id. at ¶ 16(n).)  Neither Plaintiff nor her brother were present at that hearing, nor were they represented by an attorney or a guardian ad litem.  Plaintiff's parents, while present at the hearing, were also not represented by counsel, and they were not allowed to speak, call witnesses, or cross-examine witnesses.  In fact, there wasn't even a court reporter present at the hearing. (Id. at ¶¶ 16(o-q).)  On August 3, 1983, Judge Gende adjudicated Plaintiff and her brother wards of the state, but then on October 28, 1983, a state court ordered the children returned home, finding

no continuing basis to hold the children. At that point, Plaintiff and her brother had been separated from their parents and home for approximately three months. (Id. at ¶¶ 16(z, aa, ee).)

In April 2000, after she reached the age of majority, Plaintiff filed a pro se complaint in this Court alleging various state law and federal constitutional claims against the various individuals involved in instigating, investigating, directing, or overseeing the removal of him and his sister from their parents. The Defendants included Mercer County, Mercer County Sheriff Marvin Thirtyacre, Mercer County Deputy Sheriff James Brokaw, Weir Brokaw, Karen Weaver, the State of Illinois, DCFS Caseworker Penny Ingersoll, DCFS Caseworker Steve Dickens, Judge Susan Gende, Director of the Mercer County Probation Department James Bartelt, Mercer County Deputy Sheriff Jonathon Weakley, Mercer County Probation Officer Vickie Hansen, and DCFS Guardianship Administrator D. Jean Ortega-Piron.

## **Legal Standard**

When considering a motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6), the Court must view the Complaint in the light most favorable to the Plaintiff and the Complaint's well-pleaded factual allegations must be accepted as true. Williams v. Ramos, 71 F.3d 1246, 1250 (7th Cir. 1995). Therefore, a complaint can only be dismissed if a plaintiff cannot prove any set of facts upon which relief can be granted. Travel All Over the World, Inc. v. Kingdom of Saudi Arabia, 73 F.3d 1423, 1429-30 (7th Cir. 1996). However, the Court is not bound by a plaintiff's legal conclusions. Baxter by Baxter v. Vigo County School Corp., 26 F.3d 728, 730 (7th Cir.

1994).

## Analysis

Initially, the Court notes that Plaintiff's Amended Complaint is virtually identical to one filed by her brother.  In her brother's case, the Seventh Circuit found that Judge Gende had judicial immunity from suit, and that Probation Officer Vickie Hansen's "mere presence" at a conference during which Judge Gende questioned Plaintiff's brother was insufficient to create a reasonable inference that Hansen was involved in the alleged illegal conspiracy.  On the other hand, the Seventh Circuit found that dismissal of Plaintiff's brother's claims against Mercer County Probation Department Director James Bartelt was not appropriate.  See Brokaw v. Mercer County, 235 F.3d 1000 (7th Cir. 2000). DCFS Guardianship Administrator D. Jean Ortega-Piron was not a party in Plaintiff's brother's case.  With this legal background, the Court will consider the pending motions.

**A.  Defendant Vicki Hansen's Motion to Dismiss Plaintiff's Amended Complaint**

In this motion, Defendant Hansen argues that Plaintiff's claims against her in her official capacity are barred by the Eleventh Amendment, and that Plaintiff's allegations are insufficient to state a claim upon which relief could be granted. The Court agrees.

Plaintiff's only allegation which mentions Defendant Hansen states:

> On July 13, 1983, Plaintiff and Plaintiff's brother were picked up from their foster home by Defendant Hansen and driven to a secret, ex parte, investigative meeting that

4

>was attended by Thirtyacre, Ingersoll, Bartelt, Hansen, and Gende, during which Plaintiff was forced to wait outside, alone and separated from her brother--while her brother, without legal counsel or a guardian-ad-litem present to represent him, was forced to attend the aforementioned meeting to answer questions, and coerced into making derogatory statements about his parents and the care they provided to him and his sister (Plaintiff).

In ruling on Plaintiff's brothers appeal, the Seventh Circuit found:

>In his complaint, C.A. merely alleged that Probation Officer Hansen conspired with the other defendants to violate his constitutional rights.  That allegation, however, is insufficient to put Hansen on notice of the gravamen of C.A.'s complaint.  And while the federal rules of notice pleading do not require the plaintiff to allege all of the relevant facts, "[f]or fair notice to be given, a complaint must at least include the operative facts upon which a plaintiff bases his claim." <u>Kyle v. Morton High. Sch.</u>, 144 F.3d 448, 455 (7th Cir. 1998). C.A.'s sole allegation that Hansen conspired with the other defendants is insufficient to put her on notice of C.A.'s complaint against her.  While C.A.'s allegations against the other defendants were also meager, they were sufficient to meet the minimal notice pleading standards. Moreover, C.A. presented numerous additional consistent facts on appeal concerning the other defendants' involvement in his seizure, and showing their responsibility for his allegedly unconstitutional seizure. **But all C.A. adds on appeal to Hansen is that she was present during a conference in which C.A. was questioned by Judge Gende and several of the other defendants. Hansen's mere presence at this conference is insufficient to create a reasonable inference that Hansen had a meeting of the minds with the other defendants to remove him from his parents based on false claims of child neglect.** <u>Kunik v. Racine County, Wis.</u>, 946 F.2d 1574, 1580 (7th Cir.1991) (allegations of conspiracy "must be further supported by some factual allegations suggesting 'meeting of the minds'"). Therefore, even considering the facts added on appeal by C.A., he still fails to state a claim against Hansen.

<u>See</u> <u>Brokaw</u>, 235 F.3d at 1014-15 (emphasis added).  In this case,

Plaintiff's allegations against Hansen are no more actionable than her brother's were. Plaintiff's allegations that Hansen drove her and her brother to a meeting which Hansen attended are insufficient to show Hansen was part of the alleged illegal conspiracy. Consequently, Defendant Hansen's Motion to Dismiss is granted.

### B. Defendant Bartelt's Motion to Dismiss

In this motion, Bartelt argues that the claims against him in his official capacity are barred by the Eleventh Amendment, and that he is entitled to absolute immunity for the alleged conduct. While it is true that the claims against Bartelt in his official capacity are barred, see Brokaw, 235 F.3d at 1009; the Court finds that Bartelt is not entitled to absolute immunity for his conduct in physically removing Plaintiff from her parents home.

During the relevant time period, Bartelt was the Director of the Mercer County Probation Department. Although it is not evident from Plaintiff's Amended Complaint, Bartelt acknowledges that he was one of the individuals that actually seized Plaintiff from her parents home. See also Brokaw, 235 F.3d at 1007. Bartelt argues that he "was a judicial officer acting pursuant to statutory authority in a manner intimately associated with the judicial process when he allegedly engaged in the conduct as plead by plaintiff." The Court disagrees that the seizure of Plaintiff was "intimately associated with the judicial process." Accordingly, Bartelt's motion to dismiss is denied, however, Plaintiff is directed to amend her complaint to show Bartelt's involvement in her removal from her parents home.

**C.  Defendant Judge Gende's Motion to Dismiss Amended Complaint**

In this motion, Defendant Gende argues, inter alia, that she is absolutely immune from suit for the conduct alleged by Plaintiff. Again, the Seventh Circuit has addressed this issue in the context of Plaintiff's brother's case.

> The district court dismissed C.A.'s claims against Judge Gende based on absolute judicial immunity. This common law doctrine shields judges from civil liability for their judicial actions. Tucker v. Outwater, 118 F.3d 930, 932 (2d Cir.1997). The principle of judicial immunity recognizes that "[a]lthough unfairness and injustice to a litigant may result on occasion, it is a general principle of the highest importance to the proper administration of justice that a judicial officer, in exercising the authority vested in him, shall be free to act upon his own convictions, without apprehension of personal consequences to himself." Mireles v. Waco, 502 U.S. 9, 10, 112 S.Ct. 286, 116 L.Ed.2d 9 (1991). Thus, judges are not liable in civil actions for their judicial acts unless they have acted in the clear absence of jurisdiction. Stump v. Sparkman, 435 U.S. 349, 356-57, 98 S.Ct. 1099, 55 L.Ed.2d 331 (1978). Moreover, a judge will not be deprived of immunity even if the action was in error, was done maliciously, was in excess of his authority, id., and even if his exercise of authority is flawed by the commission of grave procedural errors. Id. at 359, 98 S.Ct. 1099.
>
> C.A. attempts to overcome judicial immunity by arguing that Judge Gende's actions were extrajudicial and thus beyond the protection of judicial immunity, relying on Buckley v. Fitzsimmons, 509 U.S. 259, 113 S.Ct. 2606, 125 L.Ed.2d 209 (1993). In Buckley, the Supreme Court held that when a prosecutor performs investigative--as opposed to judicial--functions, he is acting extrajudicially and thus is not entitled to absolute judicial immunity. Id. at 273, 113 S.Ct. 2606. C.A. attempts to cast Judge Gende's involvement in his removal in a similar light. First, he points to Judge Gende's participation in the initial meeting with Sheriff Thirtyacre, Weir, Karen and DCFS Agent Ingersoll outside the Aledo courthouse, claiming that at this point she was not acting as a judge, but rather as a social worker. Next, he cites

7

> Judge Gende's questioning of him on July 13 to show that she was acting outside her judicial role. However, under Illinois law, a judge may partake in an informal conference in child custody matters, Ill. Rev. Stat. Ch. 37, para. 703-8 et seq. (1983), and therefore we cannot conclude Judge Gende was acting in the clear absence of jurisdiction by participating in these conferences. See, e.g., J.B. v. Washington County, 127 F.3d 919, 925 (10th Cir.1997) (judge did not abandon impartial judicial role by having ex parte communication with social worker); Newman v. State of Ind., 129 F.3d 937, 941 (7th Cir.1997) (holding that judge acted within the outer bounds of his jurisdiction when he ordered parents to remain in courtroom pending the removal of their children from their home); Dellenbach v. Letsinger, 889 F.2d 755, 761 (7th Cir.1989) (telephone call from trial judge to appellate judge was judicial act not outside scope of immunity). Nor do C.A.'s allegations that Judge Gende joined the conspiracy alter the outcome. See John v. Barron, 897 F.2d 1387, 1393 (7th Cir. 1990) (mere allegations of conspiracy insufficient to overcome judicial immunity). Accordingly, she is absolutely immune from suit.

Again, Plaintiff's allegations against Judge Gende are no more actionable than her brother's were. The Seventh Circuit has already found that Plaintiff's allegations that Gende attended meetings where the child abuse allegations were discussed are not enough to show Judge Gende was acting outside her judicial role. Accordingly, Judge Gende's motion is granted.

### D. Defendant D. Jean Ortega-Piron's Motion to Dismiss Plaintiff's Amended Complaint

In this motion, Defendant D. Jean Ortega-Piron argues that she is immune from suit in her official capacity, that Plaintiff has failed to allege sufficient personal involvement of Ortega-Piron to state a claim for relief against her in her individual capacity, and that Plaintiff is not entitled to injunctive or declaratory relief as to Ortega-Piron. Plaintiff's only allegation involving

8

Ortega-Piron is as follows:

> Defendant D. Jean Ortega-Piron (hereinafter "Administrator") is the duly appointed Guardianship Administrator of the Illinois State DCFS and responsible for administering the State Plan and the state and federal funds relating to and providing protection for children from alleged abuse and neglect, and the Department has acted in conspiracy with the other defendants.

This allegations is not sufficient to show Ortega-Piron was part of the alleged illegal conspiracy. Further, Plaintiff has not alleged on any ongoing constitutional violation, and therefore is not entitled to any declaratory or injunctive relief. See <u>Al-Alamin v. Gramley</u>, 926 F.2d 680, 685 (7th Cir. 1991), <u>Green v. Mansour</u>, 474 U.S. 64. Consequently, Defendant Ortega-Piron's Motion to Dismiss is granted.

**E.   Plaintiff's Request Pursuant to Federal Rules of Evidence § 201 for the Court to Take Judicial Notice of Evidence Below Supporting Plaintiff's Memorandum of Law in Opposition to Motion to Dismiss Filed by Defendants**

In this motion, Plaintiff asks the Court to take judicial notice of various documents. Fed. R. Evid. 201 allows the Court to take judicial notice of a fact "not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." The Court finds that it would not be appropriate to take judicial notice of the facts in the documents cited by Plaintiff at this time, because, among other things, these documents contain facts that would be subject to reasonable dispute. The Court has, however, examined relevant court records

9

to the extent they were relevant to the resolution of the pending motions.  Accordingly, Plaintiff's motion is denied.

## **Conclusion**

IT IS THEREFORE ORDERED that Defendant Vicki Hansen's Motion to Dismiss Plaintiff's Amended Complaint [Doc. # 60], Defendant Judge Gende's Motion to Dismiss Amended Complaint [Doc. # 64], and Defendant D. Jean Ortega-Piron's Motion to Dismiss Plaintiff's Amended Complaint [Doc. # 66] are GRANTED.

IT IS FURTHER ORDERED that Defendant Bartelt's Motion to Dismiss [Doc. # 62] is DENIED, however, Plaintiff is directed to amend her complaint to show Bartelt's involvement in her removal from her parents home.

IT IS FURTHER ORDERED that Plaintiff's Request Pursuant to Federal Rules of Evidence § 201 for the Court to Take Judicial Notice of Evidence Below Supporting Plaintiff's Memorandum of Law in Opposition to Motion to Dismiss Filed by Defendants [Doc. # 72] is DENIED.

Entered this   9th    day of March, 2006.

                                s/ Joe B. McDade
                             JOE BILLY McDADE
                       United States District Judge